UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ISAAC WEST, individually,<br><br>       Plaintiff,<br><br> vs.<br><br>TIGERCAT INTERNATIONAL, INC., a foreign corporation; HYDRA DYNE TECH, a foreign corporation; TRIAD MACHINERY, INC., a foreign corporation; VONBERG VALVE, INC., a foreign corporation; RYCO HYDRAULICS, a foreign corporation; HYDRAFORCE, INC., a foreign corporation; KION GROUP AG, a foreign corporation d/b/a Linde Material Handling; and JOHN DOES 1-100, inclusive,<br><br>       Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES<br><br>Demand for Jury Trial |

Plaintiff, by and through his attorneys Darrell L. Cochran, Andrew S. Ulmer, and Alexander G. Dietz, and the law firm of Pfau Cochran Vertetis Amala PLLC, bring causes of action against the defendants, and allege the following.

## I. INTRODUCTION

1.1 This is a product defect action against Defendant Tigercat International, Inc. (hereinafter "Tigercat"), Defendant Hydra Dyne Tech (hereinafter "Hydra Dyne"), Defendant

COMPLAINT FOR DAMAGES - 1 of 13

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

1  Triad Machinery, Inc. (hereinafter "Triad"), Defendant Vonberg Valve, Inc. (hereinafter "Vonberg"), Defendant RYCO Hydraulics (hereinafter "RYCO"), Defendant HydraForce, Inc. (hereinafter "HydraForce"), and Defendant KION GROUP AG, d/b/a Linde Material Handling (hereinafter "Linde"), and Defendants John Does 1-100 for their failure to manufacture and sell safe and functional equipment for Plaintiff Isaac West, who was the purchaser of the 2020 Tigercat LX830D FELLER BUNCHER (hereinafter referred to as the "Feller Buncher") which was manufactured and/or sold by Defendants, and whose equipment, manufactured by Defendants, on information and belief experienced a sudden loss of hydraulic pressure, resulting in the heavy steel clamshell hood snapping shut on Mr. West's arm.  Mr. West was forced to self-amputate to escape from the Feller Buncher and sustained substantial injuries which would not have occurred but for the defective product manufactured and sold by Defendants.

## II.    PARTIES

2.1    At all times relevant hereto, Plaintiff Isaac West was a resident of Cowlitz County, Washington.

2.2    At all times relevant hereto, Defendant Tigercat was a foreign corporation organized under the laws of Ontario, Canada, with its principal place of business in Ontario, Canada.  Tigercat does business in the State of Washington and/or placed manufactured goods in the stream of commerce with the knowledge that the goods will be sold and used in the State of Washington.

2.3    At all times relevant hereto, Defendant Hydra Dyne was a foreign corporation organized under the laws of Ontario, Canada, with its principal place of business in Ontario, Canada.  Hydra Dyne does business in the State of Washington and/or places manufactured



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

goods in the stream of commerce with the knowledge that the goods will be sold and used in the State of Washington.

2.4 At all times relevant hereto, Defendant Triad was a foreign corporation organized under the laws of the State of Oregon, with its principal place of business in Portland, Oregon. Triad does business in the State of Washington and/or places manufactured goods in the stream of commerce with the knowledge that the goods will be sold and used in the State of Washington.

2.5 At all times relevant hereto, Defendant Vonberg was a foreign corporation organized under the laws of the State of Illinois, with its principal place of business in Itasca, Illinois. Vonberg does business in the State of Washington and/or places manufactured goods in the stream of commerce with the knowledge that the goods will be sold and used in the State of Washington.

2.6 At all times relevant hereto, Defendant RYCO was a foreign corporation organized under the laws of Melbourne, Australia, with its principal place of business in Melbourne, Australia. RYCO does business in the State of Washington and/or places manufactured goods in the stream of commerce with the knowledge that the goods will be sold and used in the State of Washington.

2.7 At all times relevant hereto, Defendant HydraForce was a foreign corporation organized under the laws of the State of Illinois, with its principal place of business in Lincolnshire, Illinois. HydraForce does business in the State of Washington and/or places manufactured goods in the stream of commerce with the knowledge that the goods will be sold and used in the State of Washington.

COMPLAINT FOR DAMAGES - 3 of 13



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

2.8     At all times relevant hereto, Defendant Linde was a foreign corporation organized under the laws of Hesse, Germany, with its principal place of business in Frankfurt, Hesse, Germany.  Linde does business in the State of Washington and/or places manufactured goods in the stream of commerce with the knowledge that the goods will be sold and used in the State of Washington.

2.9     Defendants John Does 1-100 designed, manufactured, distributed, and/or sold the defective Feller Buncher that malfunctioned and resulted in the severe injuries of Plaintiff Isaac West.  These defendants knew those products would be sold and distributed within the state of Washington.  These John Doe defendants will be identified more fully as their names are learned during discovery, but they will include the manufacturer(s), distributor(s), and seller(s) of the Feller Buncher that harmed Plaintiff. Any such individuals and entities are hereby on notice that they will be named as defendants in this case as soon as their identity is established.

### III.     JURISDICTION

3.1     The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00.

3.2     The Court has pendant and supplemental subject matter jurisdiction over the state law claims over the state law claims pursuant to 28 U.S.C. § 1367.

3.3     This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in Washington; the unlawful conduct alleged in this Complaint occurred in and/or emanated, in part, from Washington; and/or Defendants have sufficient minimum contacts with Washington.

COMPLAINT FOR DAMAGES - 4 of 13



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

## IV.     VENUE

4.1     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in and/or emanated from this District.  These events and omissions included but are not limited to: Plaintiff resides in this District, engaged in a consumer transaction with Tigercat in this District, and the facts giving rise to this lawsuit occurred in this District.

4.2     Venue is additionally proper because Defendants conduct business in this District and the incident occurred within this District.

## V.     STATEMENT OF FACTS

5.1     During the relevant time period, Mr. West was employed at Isaac West Trucking, LLC.  Mr. West is also the owner of Isaac West Trucking, LLC.

5.2     In or around September, 2020, Mr. West purchased the Feller Buncher from Defendant Triad at its branch location in Tacoma, Washington.  Mr. West proceeded to regularly operate the Feller Buncher as part of his business operations.

 

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

5.3     At the time Mr. West purchased the Feller Buncher, he already had three years, and thousands of hours, of experience operating similar equipment, including a 2017 model of the Tigercat LX830D.

5.4     The Feller Buncher was designed, assembled, manufactured, distributed, and sold by Defendants, and is marketed as providing for "Ultimate access to components and daily service" and a "[f]ully opening, power operated clamshell style engine enclosure."



COMPLAINT FOR DAMAGES - 6 of 13

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

5.5     The Feller Buncher's hood is opened hydraulically using an electric pump and hydraulic cylinders.  A switch located in the operator cab is used to open and close the hood.  Opening the hood provides an operator with access to the engine compartment, fuel tank, hydraulic valves and filters, the hydraulic tank, and the hydraulic pump compartment.



5.6     Upon information and belief, the Feller Buncher purchased by Mr. West passed a safety inspection by Weyerhaeuser following purchase as part of a monthly safety audit and was serviced by Defendant Triad after 100 hours of operation.

5.7     On or around October 15, 2020, Mr. West was engaged in logging operations on Weyerhaeuser's St. Helens Tree Farm near the Weyerhaeuser 5565 Road in Toutle, Washington.  Mr. West was the only person in the vicinity and was operating the Feller Buncher.

5.8     While operating the Feller Buncher, Mr. West identified a ruptured hydraulic line near the cutting head of the Feller Buncher.  This line was a component of a hydraulic system that was entirely separate from the hydraulic system which controls the Feller Buncher's hood access hydraulic cylinders.



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

5.9     In an effort to replace the ruptured line, Mr. West ceased operating the Feller Buncher and opened the hood of the Feller Buncher to reach the main hydraulic system's pressure relief valve.  Standing on the tracks and using his right arm, Mr. West reached up into the Feller Buncher towards the main hydraulic system's pressure relief valve.

 

5.10    Once Mr. West's right arm was inside the Feller Buncher up to his mid-bicep, the hood suddenly, and without warning, snapped shut, breaking his arm, rupturing his skin and blood vessels, leading to blood loss, and trapping him.

5.11    The Feller Buncher hood experienced a sudden loss of hydraulic pressure when it closed shut on Mr. West's arm.  Upon information and belief, the hood also closed on Mr. West's arm due to a lack of a fail-safe system to prevent the Feller Buncher hood from snapping closed when the hood's hydraulic cylinders experienced a sudden pressure loss or the hydraulic system's check valve failed, resulting in a sudden pressure loss.

5.12    Plaintiff incorporates additional facts regarding the causes for the product defect and/or unsafe design uncovered in discovery.



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

5.13   Mr. West's arm was broken when the hood closed, trapping him in place. For approximately half an hour, Mr. West unsuccessfully attempted to use his other arm to gain access to the Feller Buncher's operator cabin to access the control button to open the hood. During this time, Mr. West was bleeding from the damage to his arm and began feeling dizzy. He believed that he would die if unable to escape from the Feller Buncher.

5.14   To avoid bleeding out to certain death, Mr. West broke off the base of an antenna attached to the Feller Buncher, using the jagged bottom edge to begin amputating his own right arm. After partially sawing through his own flesh and bone, Mr. West attempted to forcibly rip his arm off to free himself from the Feller Buncher by throwing his whole-body weight off the tracks and away from the machine. This failed to dislodge him from the Feller Buncher, instead leaving him hanging from his partially amputated arm. After this attempt to escape was unsuccessful, he was forced to individually grab and forcibly tear apart his remaining connected blood vessels, muscle, and tendons to free himself from the Feller Buncher. Mr. West bled profusely from his arm during his efforts to self-amputate and escape from the Feller Buncher.

5.15   After successfully breaking free from the hood, Mr. West got into his truck and drove himself away from the scene towards an area with cell phone reception. Mr. West used his cell phone charging cord to create an impromptu tourniquet because his amputated arm was continuously spurting blood. When he reached an area with cell phone reception he phoned for help. Mr. West travelled close to twenty miles to meet with an ambulance crew on the road, where he was airlifted to Peace Health Southwest Medical Center in Vancouver, WA for treatment.

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

5.16   As a result of the incident with the hood of the Feller Buncher, Mr. West suffered permanent debilitating injuries, including permanent nerve damage and the loss of his right arm up to approximately the mid-humerus.

## VI.   CAUSES OF ACTION

**A.   First Cause of Action – Products Liability - RCW 7.72.030**

6.1   Plaintiff incorporates by reference and realleges the paragraphs above and below.

6.2   Defendants designed, assembled, and thereby manufactured, distributed, and sold a defective product, the Feller Buncher.

6.3   The Feller Buncher was not reasonably safe as designed or manufactured, or was not reasonably safe because adequate warnings or instructions were not provided.

6.4   The Feller Buncher was defectively designed and unreasonably dangerous because, at the time of manufacture, the likelihood that the Feller Buncher would cause Mr. West's harm or similar harms, and the seriousness of those harms, outweighed the burden on defendants to design a Feller Buncher that would have prevented those harms and any adverse effect a practical, feasible alternative would have on the Feller Buncher's usefulness. Upon information and belief, if Defendants had used a higher quality hydraulic system or failsafe system in the Feller Buncher, such as the ones sold by competitors, Mr. West would never have been injured.

6.5   Given its defects, the Feller Buncher was not reasonably safe because it was unsafe to an extent beyond that which would be contemplated by the ordinary consumer. An ordinary consumer would not contemplate that the Feller Buncher's hydraulic and fail-safe systems would simply fail to prevent the heavy steel hood of the Feller Buncher from quickly snapping shut.

COMPLAINT FOR DAMAGES - 10 of 13



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

6.6     Alternatively, Defendants failed to exercise reasonable care in the manufacture and design of the Feller Buncher.

6.7     Alternatively, Defendants breached express and implied warranties, including but not limited to the warranty of merchantability and the warranty of fitness regarding the Feller Buncher.

6.8     As a direct and proximate result of Defendants' wrongful acts, the plaintiff was injured, suffered physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, and other damages in an amount to be determined at trial. Further, Plaintiffs claim consequential damages including costs and actual attorney fees.

**B.     Second Cause of Action – Product Liability – RCW 7.72.040**

6.9     Plaintiffs incorporate by reference and realleges the paragraphs above and below.

6.10    The Feller Buncher was marketed and sold by Defendants.

6.11    As the seller of the Feller Buncher, Defendants are liable for Plaintiff's damages caused by their negligence, breach of express warranties, and/or the intentional misrepresentation of facts about the product by Defendants or the intentional concealment of information about the product by Defendants pursuant to RCW 7.72.040(1).

6.12    Additionally, Defendants as product sellers are liable for the injuries to Plaintiff to the same extent as a manufacturer pursuant to RCW 7.72.040(2).

**C.     Third Cause of Action – Negligence**

6.13    Plaintiff incorporates by reference and realleges the paragraphs above and below.

6.14    Defendants are liable to Plaintiff because the harm to Plaintiff was caused by their negligence in that they had a duty to exercise reasonable care in their design, manufacture, distribution and sale of the Feller Buncher, and they breached that duty as described more fully herein.



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

6.15    Defendants are further liable to Plaintiff because the harm was caused by their negligence in that the defendants intentionally or negligently misrepresented that the Feller Buncher was safe for the described use, when the defendants knew or should have known otherwise.  Upon information and belief, nowhere did the Feller Buncher or its operations manuals warn Mr. West that the clamshell engine hood hydraulic system could fail, resulting in the sudden closure of the hood. Mr. West reasonably relied upon those misrepresentations in purchasing and using the Feller Buncher and would not have purchased or used the Feller Buncher in the same manner if he knew those representations were false.

6.16    Defendants also had a duty to exercise reasonable care in warning users of the Feller Buncher of defects of which they knew or should have known, and upon information and belief, they breached that duty because defendants learned, or should have learned, about the danger of the Feller Buncher's hood's hydraulic system malfunctioning or failing to prevent the sudden closure of the hood, but they failed to exercise reasonable care in warning product users, including Mr. West, about that danger.

## VII.    PRAYER FOR RELIEF

7.1    Plaintiff prays for judgment against Defendants, as follows:

7.2    For special damages for medical treatment expenses, the expenses of medication, and other special expenses, including lost wages, both in the past and continuing into the future, in amounts to be determined at the time of trial;

7.3    For all general damages for pain and suffering, including physical and emotional, resulting from the acts complained of herein;

7.4    For such reasonable costs, attorney fees, prejudgment interest, punitive and other exemplary damages allowed under law; and

7.5    For such other and further relief as this Honorable Court determines just.



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law

1    Plaintiff specifically reserves the right to pursue additional causes of action, claims, and/or forms of relief other than those specifically outlined above, that are supported by the facts pleaded herein or that may be supported by other facts that emerge during discovery.

DATED this 14th day of June, 2021.

                        PFAU COCHRAN VERTETIS AMALA PLLC


                        By:   /s/ Darrell L. Cochran
                              Darrell L. Cochran, WSBA #22851
                              darrell@pcvalaw.com

                               /s/ Andrew S. Ulmer
                              Andrew S. Ulmer, WSBA #51227
                              aulmer@pcvalaw.com

                              /s/ Alexander G. Dietz
                              Andrew S. Ulmer, WSBA #54842
                              adietz@pcvalaw.com


                              *Attorneys for Plaintiffs*



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcva.law