UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ISAAC WEST,<br><br>          Plaintiff,<br><br>   v.<br><br>TIGERCAT INDUSTRIES, INC., et al.,<br><br>          Defendants. | CASE NO. C21-5440 BHS<br><br>ORDER RENOTING DEFENDANT'S MOTION TO DISMISS AND GRANTING LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY |

This matter comes before the Court on Defendant Hydra Dyne Tech's ("Hydra Dyne") motion to dismiss. Dkt. 27. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Isaac West alleges that a defective Tigercat LX830D Feller Buncher severed his arm in October 2020 and brings claims against the corporations who designed, assembled, manufactured, distributed, and/or sold the Feller Buncher. *See* Dkt. 1. Specifically, West alleges that when he opened the hood of the Feller Buncher to reach the main hydraulic system's pressure relief valve, the hood suddenly closed on his arm,

ORDER - 1

breaking his arm. *Id.* ¶¶ 5.9–5.10. He alleges that the hood assembly closed due to a sudden loss of hydraulic pressure and "due to a lack of a fail-safe system to prevent the Feller Buncher hood from snapping closed when the hood's hydraulic cylinders experienced a sudden pressure loss or the hydraulic system's check valve failed, resulting in a sudden pressure loss." *Id.* ¶ 5.11. West had to self-amputate his arm to avoid bleeding to death. *Id.* ¶ 5.14.

Hydra Dyne designs and manufactures custom hydraulic manifolds, cylinders, and swivels, and contracted with Defendant Tigercat Industries, Inc. ("Tigercat") to design a hydraulic system for Tigercat's Feller Bunchers. Dkt. 28, ¶¶ 3, 6. Hydra Dyne is incorporated in Ontario, Canada, and its principal place of business is also in Ontario, Canada. *Id.* ¶ 3. Hydra Dyne asserts that it has limited connections to Washington State and that its connections are unrelated to the controversy at hand. It manufactures rotary valves for Waratah Forestry Services, Ltd., a New Zealand company, and ships the parts to one of Waratah's distribution centers in Kelso, Washington. *Id.* ¶¶ 8–10.

Hydra Dyne now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that the Court lacks either general or specific jurisdiction over it. Dkt. 27. West appears to concede that the Court lacks general jurisdiction over Hydra Dyne but argues that the Court can exercise specific jurisdiction. Dkt. 32. West also argues that the Court should allow for jurisdictional discovery if the Court believes insufficient facts have been alleged to establish specific jurisdiction over Hydra Dyne. *Id.* at 19.

## II.  DISCUSSION

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the district court rules on the motion based on affidavits and discovery materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (internal quotations omitted). "Additionally, any evidentiary materials submitted on the motion are construed in the light most favorable to the plaintiffs and all doubts are resolved in their favor." *Ochoa*, 287 F.3d at 1187 (internal quotation omitted).

Here, West only argues that the Court has specific jurisdiction over Hydra Dyne. *See* Dkt. 32 at 9–19. The Ninth Circuit applies a three-part test to determine whether specific jurisdiction exists:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc). The plaintiff bears the burden of establishing the first two prongs. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653

1 F.3d 1066, 1076 (9th Cir. 2011). The burden then shifts to the defendant "to set forth a
2 compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal
3 quotation omitted).

4       Here, the Court's exercise of jurisdiction turns on whether Hydra Dyne has
5 sufficient minimum contacts with Washington State. *See Int'l Shoe Co. v. Washington*,
6 326 U.S. 310, 316 (1945). Hydra Dyne's contacts with Washington State are minimal; it
7 asserts that it ships rotary parts to Waratah's distribution center and that this contact is
8 unrelated to the controversy at hand. Dkt. 27 at 3–5. But West argues that Hydra Dyne's
9 own website identifies another company, Altec Industries, Inc., as a customer to whom it
10 sells products that operates in Washington State. Dkt. 32 at 4–5. West asserts that Altec
11 operates a service center location in Washington State, which on his information and
12 belief, receives replacement parts it needs to repair logging equipment containing Hydra
13 Dyne component parts from Hydra Dyne. *Id.*

14       "Discovery should ordinarily be granted where pertinent facts bearing on the
15 question of jurisdiction are controverted or where a more satisfactory showing of the
16 facts is necessary." *Butcher's Union Local No. 498, United Food & Com. Workers v.*
17 *SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (internal quotation omitted). It is
18 unclear to the Court whether Hydra Dyne's only contacts with the forum state are through
19 its dealings with Waratah or whether it has additional contacts with the forum. The

current record is insufficient to definitively resolve this issue. Therefore, the Court will allow West to conduct additional, limited discovery on the issue of specific jurisdiction.[1]

### III. ORDER

Therefore, it is hereby **ORDERED** that Hydra Dyne's motion to dismiss, Dkt. 27, shall be **RENOTED** pending additional discovery on jurisdictional facts. The parties shall meet and confer and then submit a joint status report recommending a renoting date, dates for supplemental briefing, and jurisdictional discovery deadlines. The report shall be filed no later than January 31, 2022. The Clerk shall remove the motion from consideration, subject to renoting after the parties file the requested report.

Dated this 20th day of January, 2022.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[1] West has also moved to compel discovery from Hydra Dyne related to the Court's exercise of jurisdiction here. Dkt. 43. Hydra Dyne asserts that it has provided responsive information and objects to some requests for production as overbroad. Dkt. 49 at 4. West's reply disagrees with Hydra Dyne's objections. Dkt. 52. To the extent that the Court needs to resolve this issue, and in light of its order of jurisdictional discovery, the Court will do so at the status conference set for this afternoon.