UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ISAAC WEST,<br><br>           Plaintiff,<br><br>   v.<br><br>TIGERCAT INDUSTRIES, INC., et al.,<br><br>           Defendants. | CASE NO. C21-5440 BHS<br><br>ORDER GRANTING DEFENDANT RYCO HYDRAULICS' MOTION TO DISMISS |

This matter comes before the Court on Defendant RYCO Hydraulics, Pty. Ltd.'s ("RYCO") motion to dismiss. Dkt. 74. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Isaac West alleges that a defective Tigercat LX830D Feller Buncher severed his arm in October 2020 and brings claims against the corporations who designed, assembled, manufactured, distributed, and/or sold the Feller Buncher. *See* Dkt. 1. Specifically, West alleges that when he opened the hood of the Feller Buncher to reach the main hydraulic system's pressure relief valve, the hood suddenly closed on his arm,

ORDER - 1

breaking his arm. *Id.* ¶¶ 5.9–5.10. He alleges that the hood assembly closed due to a sudden loss of hydraulic pressure and "due to a lack of a fail-safe system to prevent the Feller Buncher hood from snapping closed when the hood's hydraulic cylinders experienced a sudden pressure loss or the hydraulic system's check valve failed, resulting in a sudden pressure loss." *Id.* ¶ 5.11. West had to self-amputate his arm to avoid bleeding to death. *Id.* ¶ 5.14.

RYCO is an Australian corporation that produces hydraulic hoses, fittings, and hose assemblies with its principal place of business in Melbourne, Victoria, Australia. Dkt. 1, ¶ 2.6; Dkt. 74-1, ¶¶ 2, 12. West asserts that RYCO markets itself as a supplier of hose management systems for agricultural and forestry clients like Tigercat and that RYCO's hydraulic hoses and seals were installed in the subject Feller Buncher. *See* Dkts. 91-3, 91-4. RYCO disclaims any involvement in the installation of any of its products in the Feller Buncher and asserts that its product was likely obtained through an independent, third-party assembler outside the control of RYCO. Dkt. 74-1, ¶¶ 13–16.[1] Additionally, and most importantly, RYCO asserts that West named the wrong entity and should have named RYCO Hydraulics Inc., a Texas corporation with its principal place of business in Houston, Texas. *Id.* ¶¶ 1, 11. The Senior Vice President of RYCO Hydraulics Inc. declares that, if any business has occurred in the State of Washington, it would have occurred through this separate, independent corporation and not through the Australia-based RYCO. *Id.* ¶¶ 1, 11.

---

[1] The Declaration of Gordon Duff repeats paragraph numbering at what should be ¶ 15 and ¶ 16. *See* Dkt. 74-1 at 3.

ORDER - 2

1    RYCO now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that the Court lacks either general or specific jurisdiction over it. Dkt. 74. West appears to concede that the Court lacks general jurisdiction over RYCO but argues that the Court can exercise specific jurisdiction. Dkt. 90. West also argues that the Court should allow for jurisdictional discovery if the Court believes insufficient facts have been alleged to establish specific jurisdiction over RYCO. *Id.* at 21–22.

## II.  DISCUSSION

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the district court rules on the motion based on affidavits and discovery materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (internal quotations omitted). "Additionally, any evidentiary materials submitted on the motion are construed in the light most favorable to the plaintiffs and all doubts are resolved in their favor." *Ochoa*, 287 F.3d at 1187 (internal quotation omitted).

Here, West argues only that the Court has specific jurisdiction over RYCO. *See* Dkt. 90 at 13–21. The Ninth Circuit applies a three-part test to determine whether specific jurisdiction exists:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc). The plaintiff bears the burden of establishing the first two prongs. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). The burden then shifts to the defendant "to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotation omitted).

A.  **Purposeful Availment**

The Ninth Circuit applies the purposeful availment test rather than purposeful direction test in products liability cases. *See Marvix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). As the Supreme Court has emphasized, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (internal citation omitted). In considering whether a defendant has purposefully availed itself to the forum state, a court "examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff." *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (internal quotation omitted). That is to say, "the defendant

must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Id.*

In stream-of-commerce cases, "[t]he placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987)). "Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." *Id.* Where a manufacturer takes no affirmative action to send its product to a certain locale, either directly or through a distribution agreement, jurisdiction is not proper. *See id.*

West argues that RYCO has purposefully availed itself to Washington through placing its products into the stream of commerce, through distributing its goods via its network of distribution centers in the United States, and through maintaining multiple manufacturing facilities within the United States. Dkt. 90 at 16. West further highlights that RYCO maintains an active website accessible in Washington. *Id.* He asserts that this active internet site and national market presence supports a finding of purposeful availment.

The issue, however, is that RYCO has expressly declared that any activities occurring in the United States are done through its American counterpart—RYCO Hydraulics Inc.—and not through the Australia-based corporation. Dkt. 74-1, ¶ 11. West argues that, because RYCO advertises itself as a "global" company, a conflict exists

ORDER - 5

between the parties' evidence and that the Court should resolve the conflict in his favor. Dkt. 90 at 17. The Court acknowledges that RYCO's own documents tout the company as having an extensive global footprint, but the documents are not inconsistent with RYCO's evidence. *See* Dkt. 91-4 at 12. The Court understands the evidence to be that RYCO and its American counterpart are both owned by Australasian Steel Products Pty. Ltd. and serve different markets. *Id.*; Dkt. 74-1, ¶ 2. RYCO's documents that West cites to supports that conclusion. Dkt. 91-4 at 12 (explaining that the RYCO company based in Australia distributes to third party customers in Australia and that the RYCO company based in the United States distributes across North and South America).

Therefore, the evidence is that RYCO Hydraulics Pty. Ltd.—the party named and served—does not conduct business within the United States. Its American counterpart is the corporation that distributes goods and maintains manufacturing plants in the United States. At most, RYCO placed its product into the stream of commerce, which ended up in the subject Feller Buncher in Washington State. Without more, merely placing a product into a stream of commerce, is insufficient for a finding of purposeful availment and exercising jurisdiction over RYCO.

**B.      Jurisdictional Discovery**

"Discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (internal quotation omitted).

The Court agrees with RYCO that jurisdictional discovery is not warranted here, unlike for Defendant Hyrda Dyne Tech. Previously, the Court granted limited jurisdictional discovery for Hyrda Dyne because it was unclear how extensive Hydra Dyne's contacts were with Washington. *See* Dkt. 63. In this instance, it has been established that the RYCO entity West named does not do business in the forum state. The facts bearing on the question of jurisdiction are not controverted, and West has not provided a colorable basis for personal jurisdiction to exist. The Court thus declines West's request for such discovery.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant RYCO Hydraulics, Pty. Ltd.'s motion to dismiss, Dkt. 74, is **GRANTED**. The Clerk shall terminate RYCO Hydraulics as a party.

Dated this 14th day of April, 2022.

BENJAMIN H. SETTLE
United States District Judge