UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ISAAC WEST,

                           Plaintiff,

        v.

TIGERCAT INDUSTRIES, INC., et al.,

                           Defendants.

CASE NO. C21-5440 BHS

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO
CONTINUE AND FOR
PROTECTIVE ORDER

        This matter comes before the Court on Defendants' motion to continue and for a

protective order. Dkt. 113.

        Plaintiff Isaac West alleges that a defective Tigercat LX830D Feller Buncher

severed his arm in October 2020 and brings claims against the corporations who

designed, assembled, manufactured, distributed, and/or sold the Feller Buncher. *See* Dkt.

1. Specifically, West alleges that when he opened the hood of the Feller Buncher to reach

the main hydraulic system's pressure relief valve, the hood suddenly closed on his arm,

breaking his arm. *Id.* ¶¶ 5.9–5.10. He alleges that the hood assembly closed due to a

sudden loss of hydraulic pressure and "due to a lack of a fail-safe system to prevent the

Feller Buncher hood from snapping closed when the hood's hydraulic cylinders

experienced a sudden pressure loss or the hydraulic system's check valve failed, resulting in a sudden pressure loss." *Id.* ¶ 5.11. West had to self-amputate his arm to avoid bleeding to death. *Id.* ¶ 5.14.

On March 10, 2022, West moved for a protective order requiring that all Defendants complete their inspection of the Feller Buncher by March 31, 2022. Dkt. 88. He also requested that (1) the data from the field inspection be shared with all parties within one week of the final inspection; (2) off-site laboratory testing be completed by April 18, 2022; (3) data from lab testing be provided to all parties within a week of the final test; (4) data be provided to West at no charge; (5) restoration of the Feller Buncher be completed by Defendants within one week after the final inspection; and (6) component parts removed from the Feller Buncher for off-site testing be replaced by the party requesting its removal. *Id.* at 8; Dkt. 103 at 5–6.

On March 21, 2022, the Court granted West's motion. Dkt. 105. Relevant to the instant motion, Defendant Tigercat Industries, Inc. objected to West's request to limit the dates of the off-site laboratory testing. *See* Dkt. 96 at 5–8. The Court concluded that the timeline, at the time, was supported by good cause and ordered off-site laboratory testing be completed by April 20, 2022. Dkt. 105 at 3–4.

On April 7, 2022, Defendants moved for their own protective order and to continue the pretrial deadlines and trial date by three months. Dkt. 113. They indicate that the inspection of the Feller Buncher did not go as planned and that additional lab testing is now required and cannot be feasibly completed by April 20, 2022. *See id.* at 7–10. They argue that, at a minimum, the Court should grant relief from the April 20 deadline

1    specified in the Court's March 21 Order and continue the expert disclosure and discovery

2    deadlines. Dkt. 120 at 4. West opposes the motion, arguing that Defendants' motion is an

3    untimely motion for reconsideration and that, if any relief is granted, it should be limited

4    to a one-month extension of the testing deadline and the expert and rebuttal expert

5    disclosure deadline. Dkt. 117.

6         A scheduling order "may be modified only for good cause and with the judge's

7    consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within

8    the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975

9    F.2d 604, 607–08 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily

10   considers the diligence of the party seeking the amendment." *Id*. at 609. If a party has

11   acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may

12   allow modification of the schedule. *Id*. Local Civil Rule 16(m)(1) states that "this rule

13   will be strictly enforced" in order to "accomplish effective pretrial procedures and to

14   avoid wasting the time of the parties, counsel, and the court."

15        Additionally, Federal Rule of Civil Procedure 26(c) allows for a party to move for

16   a protective order to protect, for good cause, a party or person from "annoyance,

17   embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The

18   Rule permits a court to issue an order, *inter alia*, "specifying terms, including time and

19   place or the allocation of expenses, for the disclosure or discovery"; "prescribing a

20   discovery method other than the one selected by the party seeking discovery"; and

21   "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery

22   to certain matters." *Id.* at (c)(1)(B)–(D).

1    Preliminarily, the Court does not agree with West that Defendants' motion is an

2  untimely motion for reconsideration of the Court's March 21 Order. And even if it were

3  to be construed as a motion for reconsideration, new facts have developed since the

4  Court's March 21 Order, which would permit reconsideration. *See* W.D. Wash. LCR

5  7(h)(1) ("The court will ordinarily deny such motions in the absence of a showing of

6  manifest error in the prior ruling or a showing of new facts or legal authority which could

7  not have been brought to its attention earlier with reasonable diligence.").

8    The Court finds good cause to grant relief from the April 20 testing deadline and

9  to continue some of the pretrial deadlines. The parties appear to be in agreement that the

10  April 20 testing deadline and the expert disclosure deadlines should be continued, and

11  Defendants would be prejudiced if the other pretrial deadlines are not continued.

12  Defendants have acted diligently in raising this issue to the Court, and the testing and

13  pretrial deadlines cannot be met at no fault of any party. But there is no reason at this

14  time why the trial date needs to be continued.

15    As such, Defendants' motion to continue and for a protective order, Dkt. 113, is

16  **GRANTED** as follows:

17    (1) Off-site laboratory testing shall be completed by June 20, 2022;

18    (2) Data from lab testing shall be provided to all parties within one week of the

19     final test;

20    (3) Expert Witness Disclosures/Reports under Rule 26(a)(2) are due by August 1,

21     2022;

22    (4) Rebuttal Expert Witness Disclosures/Reports are due by August 29, 2022;

1  (5) Discovery motions are due by July 25, 2022;

2  (6) Discovery shall be completed by August 22, 2022; and

3  (7) Dispositive motions are due by September 30, 2022.

4  **IT IS SO ORDERED.**

5  Dated this 19th day of April, 2022.

6

7  _____

8  BENJAMIN H. SETTLE
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22